### George Kerr *vs.* Thomas Lucas.

The execution of a release of all one's right, title and interest in personal property, if fairly made, with full information to the purchaser of the doubts respecting the title, and with an agreement by him to assume the risk thereof, is a good consideration for an express promise to pay the price agreed upon for the same, although it turns out that the vendor had no title whatever to the property.

Such release may properly be declared on as for a sale.

Contract for the price agreed to be paid to the plaintiff for a wooden building sold by him and one Boddy, by a bill of

sale conveying all their right, title and interest therein to the defendant. At the trial in the superior court there was conflicting evidence as to whether certain defects in the title were disclosed fully to the defendant before the sale, and also as to whether Kerr and Boddy had any title at all to the building at the time of the sale. The defendant requested the court to instruct the jury that he was not bound to pay, even if they were satisfied that he made an express promise, if they were also satisfied that Kerr and Boddy had no title to convey by the bill of sale ; but *Ames*, J., declined so to rule, and instructed the jury that if they were satisfied that the defendant took the bill of sale, knowing of the doubt respecting the title and agreeing to run the risk, and promised to pay for the bill of sale, and there was no fraudulent representation by the plaintiff, and no untrue representation, although not known by the plaintiff at the time to be false, then the plaintiff might recover, although the jury should find a total want of title in Kerr and Boddy. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*T. H. Sweetser*, for the defendant.

*D. S. Richardson & C. Cowley*, for the plaintiff.

CHAPMAN, J.   The execution of a release of all one's right, title and interest in any property, real or personal, fairly made for the purpose of quieting a doubtful title, is a good consideration for the price agreed to be paid.   And it would make no difference if the release should afterwards be found to be of no use to the party obtaining it.   For though a consideration is necessary to the validity of a contract, yet the doing of anything that creates trouble or inconvenience to the party doing it is sufficient.   Addison on Contracts, 17.   The compromise of a doubtful claim is sufficient.   Ib. 21.   The value of the consideration being indefinite, the parties have the right to fix the price.   Such cases are unlike an agreement of a creditor to discharge his debt on payment of half ; for there the consideration is seen to be inadequate. *Haigh* v. *Brooks*, 10 Ad. & El. 309, is much like the present case.   That was an action to recover the sum agreed on for giving up a guaranty which afterwards proved to be void.   Lord Denman said : " Whether or not the

guaranty could have been available within the doctrine of *Wain* v. *Warlters*, 5 East, 10, the plaintiffs were induced by the defendant's promise to part with something which they might have kept, and the defendant obtained what he desired by means of that promise. Both being free, and able to judge for themselves, how can the defendant be justified in breaking that promise by discovering afterwards that the thing, in consideration of which he gave it, did not possess that value which he supposed to belong to it. He may have had other objects and motives, and of their weight he was the only judge." The instructions to the jury in this case were very carefully guarded, and must be sustained. The release being by a bill of sale, it was properly declared on as a sale. *Exceptions overruled.*